## THOMPSON v. SEASTEDT.

*Will — execution of ; when one witness may show circumstances attending execution.*

The statute does not require a testator to declare, in words, to the subscribing witnesses that an instrument which they are called to witness is his will; it is sufficient that the testator make known to the witnesses by acts and words that it is regarded and accepted as his will, and that the witnesses subscribe it as such at the testator's request.

What transpired at the execution of a will may be established as a matter of fact by the recollection of one of the subscribing witnesses when the other has forgotten it.

APPEAL by George H. Thompson from a decree of the surrogate of the county of New York refusing probate to an instrument propounded as the last will of Eliza Seastedt, deceased.

The instrument was propounded by the appellant, and the respondents, John and Henry Stevens, brothers of deceased, objected to its admission. The other respondent, A. F. Seastedt, decedent's husband, upon this appeal asks that the decree of the surrogate be reversed.

*Augustus Van Wyck,* for appellant.

*Franklin Bartlett,* for respondents.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DANIELS, J. The decedent, at the time of her decease, left her surviving her husband, two brothers, her niece by marriage, and her devisee George H. Thompson. By the instrument propounded as her will she devised and bequeathed her property to Thompson, in trust for the life of her husband, during which time the rents and profits were directed to be paid to him, and after that absolutely to the trustee or his heirs forever.

The relations existing between the decedent and Thompson after his mother left the city appear to have been cordial and friendly, and she seems to have regarded her husband with very great affection. Her feelings toward her brothers are not clearly disclosed by the evidence, and no reason has been given for supposing that she designed to make any provision for them, or either of them, by her

Thompson v. Seastedt.

will. But when she contemplated making a final disposition of her property, the purpose she expressed was to provide by means of it for her husband's support during life, and after his decease to give it to Thompson and Hortense, his wife, or to Thompson or Hortense, which, if not both, was intended to have the remainder of her estate was uncertain from the evidence given of her statements. But it was shown to be probable that she designed that either one or both should have the remainder after the decease of her husband. There was nothing, therefore, from which it could be inferred that she was disposed to provide any interest for either of her brothers in the disposition finally to be made of her property, and for that reason there was nothing unnatural in the disposition which the instrument propounded as her will made of her property, while the evidence of her expressed intention left it uncertain as to whether Thompson or his wife, or both, were to have the remainder. What transpired when the instrument was made was of such a nature as to render all reason for doubt upon the subject, for it was drawn at her residence when she was in apparent good health, and practically under her immediate direction. After that it was read over to her and then ostensibly by her, and pronounced to be satisfactory, or as she desired to have it made. What transpired in this connection was sufficient to establish the fact that she designed to make such a disposition of her property as the instrument which was drawn for her proposed. The evidence upon this part of the case is clear and satisfactory, and no reason can be found which would justify the court in disregarding or rejecting it.

After the instrument was drawn and read and accepted as satisfactory, it was shown that it was subscribed by the decedent. Some evidence was given tending to show that the signature was not in the decedent's writing, but it was very slight and not well founded; while, on the other hand, a decided preponderance of evidence was given by other witnesses that the signature was the decedent's writing. Upon the whole case there can be no doubt but that the signature was hers, and the only reason which, in the judgment of the surrogate, existed for denying probate of the will, was the conclusion that it was not formally declared to be her will by the decedent.

The evidence showed that the instrument was, by her direction, drawn for the decedent's will ; that it was read to her as such ; that she afterward appeared to read it herself, and then remarked that

it would do, and signed her name to it, and procured two of the witnesses to subscribe their names to it. The witness who drew it testified that he was asked to go to the house to draw it, and was a witness to it, though not directly asked to sign it. The second witness stated that he heard the decedent ask the first witness to sign it as a witness, and her husband swore that she asked both of the other witnesses to sign it. The second witness also stated that she asked him to witness the signing of her name and the making of her will, and her husband said that she took it after all had signed it and put it in an envelope. It also appeared that she subscribed the instrument in the presence of the witnesses, and they in her presence, and that of each other, and that they added their names as witnesses to it.

Although she did not, according to the testimony which was given, in words declare the instrument to be her will, it is clear that she treated it and designed the witnesses to understand it to be such. That was equivalent to such a declaration, and sufficient to satisfy the requirement of the statute upon the subject; for that does not necessarily contemplate such a declaration in words in order to render the instrument valid as a will. It is enough that the decedent makes known to the witnesses, by acts and words, that it is regarded and accepted as her will, and the witnesses subscribe it as such at her request. That was shown to have been done in this case by the evidence given before the surrogate, and within the authorities it was a substantial compliance with the terms of the statute on this subject. *Remsen* v. *Brinckerhoff*, 26 Wend. 325 ; *Gilbert* v. *Knox*, 52 N. Y. 125 ; *Matter of will of Kellum*, id. 517.

And it may be established as matter of fact by the recollection of one of the witnesses, even if the others have forgotten what transpired. *Trustees of Auburn Seminary* v. *Calhoun*, 25 N. Y. 422.

The proof as to the execution, witnessing and publication was sufficient to entitle the will to probate, and as it was shown that the decedent was of sound mental capacity, not under restraint, and free from improper influence, a decree should have been entered to that effect.

The decree rejecting it should be reversed and the proceedings remitted to the surrogate, with directions to admit the will to probate.

*Ordered accordingly.*